470-064239                               BCS:gh                                #25017

IN THE UNITED STATES DISTRICT COURT  FILED: JULY 2, 2008
FOR THE NORTHERN DISTRICT OF ILLINOIS 08CV3784
EASTERN DIVISION
JUDGE HOLDERMAN
MAGISTRATE JUDGE BROWN
MKH

| DOROTHY HARTMAN | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: |
| | ) | Circuit Court for 12th Judicial |
| vs. | ) | Circuit of Will County, Illinois |
| | ) | Case No.: 08 L 454 |
| MEIJER , INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT AT LAW**

NOW COMES the defendant, MEIJER, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, and for its Answer to plaintiff's Complaint at Law against defendant Meijer, Inc., answers as follows:

1.  Plaintiff, Dorothy Hartman ("Hartman") is, and at all times relevant to this action was, a resident of DuPage County, Illinois.

**ANSWER**: Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 1, and so demands strict proof thereof.

2.  Defendant, Meijer, Inc. ("Meijer") is, and at all times relevant to this action was, a corporation engaged in the business of providing goods and services to the general public at a store located at 225 N. Weber Road in Bolingbrook, Will County, Illinois, zip code 60440 (the "Store").

**ANSWER**: Defendant admits only that Meijer, Inc. owned the premises in question. Defendant denies all further allegations in paragraph 2.

3.  This Court has jurisdiction over the parties to this dispute and the subject matter of this dispute.

**ANSWER**: This defendant admits that the United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the parties to this dispute and the subject matter of this dispute. This defendant denies all other allegations that are contained within paragraph 3.

      4.      This Court is the appropriate venue within which to adjudicate this dispute by reason of the fact that the Store is in this county and the acts complained of occurred in this county.

**ANSWER**: This defendant admits only that the United States District Court for the Northern District of Illinois, Eastern Division is the appropriate venue within which to adjudicate this dispute by reason of the fact that there is diversity between the parties and that plaintiff will likely seek in excess of $75,000 in damages.

      5.      Meijer, at all times relevant to this action, owned and operated the Store at which is sold goods to the public.

**ANSWER**: Defendant admits only that Meijer, Inc. owned the premises in question and denies all other allegations contained within paragraph 5.

      6.      On October 2, 2007, Hartman was shopping at the Store in the area at which produce was displayed for consumers to purchase ("the produce department").

**ANSWER**: Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 6, and therefore deny same.

      7.      At all times relevant to this cause of action, Meijer knew or should have known that grapes in the produce department were packaged in "ziplock" re-sealable bags ("Bags") which could be, and often were, opened by Store customers who wished to sample grapes or move grapes from one bag to another.

**ANSWER**: Defendant denies the allegations contained within paragraph 7.

      8.      At all times relevant to this cause of action, Meijer knew or should have known that storing and displaying grapes in the Bags invited and encouraged customers to open the ziplock bags for the purposes of sampling the grapes or moving grapes from one bag to another.

**ANSWER**: Defendant denies the allegations contained within paragraph 8.

      9.      At all times relevant to this cause of action, Meijer knew or should have known that the handling of grapes by its customers resulted in grapes falling to the Store floor.

**ANSWER**: Defendant denies the allegations contained within paragraph 9.

10. At all times relevant to this cause of action, Meijer knew or should have known that grapes on the floor presented a dangerous situation and could cause Meijer customers, including Hartman, to slip and fall to the floor after stepping on a grape.

**ANSWER**: Defendant denies the allegations contained within paragraph 10.

11. As Hartman was walking in the produce department at Meijer on October 2, 2007, she stepped on a grape which caused her to slip and fall to the floor.

**ANSWER**: Defendant is without sufficient knowledge to either admit or deny the allegations contained within paragraph 11, and therefore deny the same.

12. At all times relevant to this cause of action, Meijer owed to Hartman a duty to exercise reasonable and ordinary care with respect to her safety, including, but not limited to, cleaning the floor, aisles and walkways located in the Store and removing dangerous conditions from the floor, aisles and walkways.

**ANSWER**: Defendant admits only those obligations imposed upon them by Illinois law. Defendant denies that the plaintiff has accurately stated the duties applicable to Meijer, Inc., and further denies all remaining allegations contained within paragraph 12.

13. At all times relevant to this cause of action, Meijer owed to Hartman a statutory duty under 740 ILCS 130/2 of reasonable care under the circumstances regarding the state of the Store premises or acts done or omitted on them.

**ANSWER**: Defendant admits only those obligations imposed upon them by Illinois law. Defendant denies that the plaintiff has accurately stated the duties applicable to Meijer, Inc., and further denies all remaining allegations contained within paragraph 13.

14. Meijer breached its duty of care which it owed to Hartman and breached its statutory duty of care in that Meijer negligently did or failed to do the following:

    a. failed to warn customers, including Hartman, of the dangerous condition presented by grapes on the floor;

    b. failed to instruct customers to refrain from opening the bags containing the grapes;

    c. failed to take reasonable care to eliminate the risk of grapes falling to the floor in the produce department because it packaged the grapes in bags which could be easily opened by customers in the Store;

    d. failed to inspect and clean the floor.

**ANSWER**:   Defendant denies the allegations contained within paragraph 14, including subparagraphs (a) through (d) inclusive.

15.   As a direct and proximate result of one or more of the aforementioned breaches of the duty of care owed to Hartman by Meijer, one or more grapes was left on the floor and aisles of the store and Hartman stepped on a grape causing her to slip, lose her balance and fall to the floor.

**ANSWER**:   Defendant denies the allegations contained within paragraph 15.

16.   As a direct and proximate result of one or more of the aforementioned breaches of the duty of care owed to Hartman by Meijer, Hartman sustained severe and permanent personal injuries; Hartman has been permanently disabled; Hartman has incurred and will incur in the future substantial medical bills; and Hartman has been unable to attend to her ordinary daily affairs.

**ANSWER**:   Defendant denies the allegations contained within paragraph 16, and further answering, denies that plaintiff was injured to the extent or duration alleged therein.

WHEREFORE, the defendant, MEIJER, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, prays that this cause be dismissed with prejudice and that the defendant be awarded its costs and all other relief deemed proper by the Court.

## AFFIRMATIVE DEFENSE

NOW COMES the defendant, MEIJER, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, and pursuant to Paragraph 5/2-613, sub-paragraph (d) of the Illinois Code of Civil Procedure for its Affirmative Defense, states as follows:

1.   At the time and place alleged in his Complaint at Law, the Plaintiff, Dorothy Hartman, had a duty to exercise a reasonable degree of care for her own safety and well being.  Notwithstanding said duty, Plaintiff was negligent in one or more of the following ways:

(a)   failed to exercise due care and caution while at the subject premises;

(b)   failed to exercise due care and caution when faced with open and obvious conditions;

   (c)  failed to keep a proper lookout while walking in the subject property.

 2.  The Plaintiff's own conduct, as described above, was the sole proximate cause of the occurrence complained of and, therefore, Plaintiff is entitled to no recovery in the trial of this cause.

 3.  In the alternative, Plaintiff's conduct constitutes contributory fault which is greater than 50% of the proximate cause of the injury and damages alleged and, therefore, Plaintiff should be barred from recovering any damages at the trial of the cause pursuant to Paragraph 5/2-1160 of the Illinois Code of Civil Procedure.

 4.  Further pleading in the alternative, the Plaintiff's own negligence in an amount less than 50% of the total proximately caused her injuries and the amount of any judgment rendered against the Defendant should be reduced *pro rata* in accordance with the Plaintiff's own contributory negligence in causing her injuries.

 **WHEREFORE**, the Defendant , MEIJER, INC., requests Judgment in its favor or in the alternative, that any amount of judgment entered in Plaintiff's favor, be reduced commensurate with a relative degree of fault attributed to the Plaintiff.

       Respectfully submitted,

       Meijer, Inc.

       By:  /s/Brian C. Sundheim
         Brian C. Sundheim
         PRETZEL & STOUFFER, CHARTERED
         One South Wacker Drive, Suite 2500
         Chicago, IL 60606
         Telephone: (312) 578-7466
         Fax:  (312) 346-8242
         Bsundheim@pretzel-stouffer.com
         *One of the attorneys for Meijer Inc.*